**LABOWE, LABOWE & HOFFMAN, LLP**
**Richard W. Labowe (CSB No. 105905)**
1631 West Beverly Boulevard, Second Floor
Los Angeles, CA 90026-5746
(213) 250-9800

Attorneys for Creditor
STATE FINANCIAL CORPORATION,
a California Corporation

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In Re:<br><br>DENNIS GHIBAUDO,<br><br>Debtor. | Case No. 6:09-bk-35496-SB<br><br>Chapter 13<br><br>**OBJECTIONS OF STATE FINANCIAL CORPORATION TO PROPOSED CHAPTER 13 PLAN**<br><br>Date: December 22, 2009<br>Time: 2:00 p.m.<br>Ctrm: 301 |

To the Honorable SAMUEL L. BUFFORD, United States Bankruptcy Judge:

Creditor STATE FINANCIAL CORPORATION, a California Corporation (hereinafter sometimes referred to as "STATE") hereby objects to the proposed Chapter 13 Plan on the following grounds:

1. The Plan was not proposed in good faith;

2. The Debtor has failed to fully schedule assets and liabilities; and

1

3.   The Debtor is not eligible to be a debtor in Chapter 13.

In support of its objections, STATE submits the following:

!.   The Plan is not proposed in good faith:

The Debtor attaches six (6) months of unaudited financial statements for his corporation Edge Manufacturing, Inc., which indicate that the average monthly net income for the said six month period was in excess of $12,700 per month (i.e., net income of approximately $76,380 for the six months).  However, the Debtor states in paragraph 1 of his Statement of Financial Affairs that he earned only $50,400 as self-employment income with no explanation for the difference between what he claims was earned and the net income from the business.  Therefore, arguably, the Debtor should be in a position to repay his creditors significantly more than $6,000 per month.

2.   The Debtor has failed to schedule assets and liabilities:

<u>Assets</u>:

Although the Debtor identifies in Schedule "I" that he is the "owner" of Edge Manufacturing, Inc., he does not list his ownership as an asset in Schedule "B(13)". Therefore, it is uncertain as to what this asset is worth.

The Debtor also fails to schedule his interest in the real property located at 1880 Delilah Street, Corona, California, although he identifies this address on the Petition as his residence or principal place of business.  By failing to schedule the Delilah Street property, the Debtor failed to schedule STATE's Deed of Trust and presumably also failed to schedule other liens and encumbrances tied to that property.  A copy of STATE's Deed of

Trust affecting the Delilah Street property is attached hereto, labeled Exhibit "1" and incorporated herein by this reference.

Liabilities:

Besides the unknown liens that may affect the Delilah Street property, the Debtor has failed to schedule STATE as a creditor at all, let alone the amount of the claim and the status of the debt. As set forth in the Motion for Relief from the Automatic Stay filed on behalf of STATE and scheduled for hearing on December 22, 2009 at 3:30 p.m., STATE obtained a personal guaranty from the Debtor concerning loans made to Edge Manufacturing, Inc., which loans went into default.

As a result of the default by Edge Manufacturing and the Debtor, STATE commenced a state court action against Edge Manufacturing and the Debtor in the Los Angeles County Superior Court as case number BC 402885 ("the State Court Action"). The State Court Action resulted in a judgment being entered in favor of STATE on June 4, 2009 for approximately $78,500, a copy of which judgment is attached hereto, labeled Exhibit "2" and incorporated herein by this reference. The State Court Action was not listed in the Debtor's Statement of Financial Affairs either.

3.  The Debtor is not eligible for Chapter 13.

Only individuals with regular income that owe liquidated unsecured debt of less than $336,900 and liquidated, secured debt of less than $1,010,650 may be eligible for Chapter 13. STATE submits that there is no evidence that the Debtor has "regular" income and as stated in the Objections of Bay Area Financial to the Debtor's proposed Chapter 13 Plan

(which STATE hereby joins in), the Debtor exceeds the debt limitations for Chapter 13 eligibility.

Based upon the foregoing, STATE respectfully submits that confirmation of the proposed Chapter 13 plan be denied and that the pending case either be dismissed with a bar against refiling (due to the fact that this is the Debtor's second Chapter 13 case filed in 2009) or converted to Chapter 7 to afford a Trustee the opportunity to ascertain what assets this Debtor may have further concealed or transferred without disclosure to the court.

Dated: December 1, 2009           LABOWE, LABOWE & HOFFMAN, LLP


                                  By:    /s/ Richard W. Labowe
                                         RICHARD W. LABOWE
                                         Attorneys for Creditor
                                         STATE FINANCIAL CORPORATION

EXHIBIT 1

CHICAGO PIRT DIVISION, LSI TITLE CO.

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

NAME State Financial Corporation
ADDRESS 11661 San Vicente Blvd., #711
CITY & STATE Los Angeles, CA 90049

Title Order No. 82401494   Escrow No. _____

DOC # 2008-0537789
10/03/2008 08:00A Fee:29.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|----|----- |------|-----|------|
|   |   |   | 4    |      |    |      |      |     |      |
| M | A | L | 465  | 426  | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |      |      | T:   |      | CTY | UNI  |      |

29  T  012

# DEED OF TRUST
## WITH ASSIGNMENT OF RENTS AS ADDITIONAL SECURITY

This DEED OF TRUST, made September 17, 2008, between Dennis E. Ghibaudo, a married man as his sole and separate property,

herein called TRUSTOR, whose address is 1880 North Delilah Street, Corona, California 92879,

CHICAGO TITLE COMPANY, a California Corporation, herein called TRUSTEE, and

State Financial Corporation, herein called BENEFICIARY.

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in

Riverside County        Corona, California, described as:

PARCEL 17 AS SHOWN BY PARCEL MAP 22261 ON FILE IN BOOK 152, PAGES 66 THROUGH 73 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment ~~of the sum of $~~ See Exhibit "A" with interest thereon ~~according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof~~ (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumes | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego Series 5 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties) are preprinted on the following pages hereof and are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

_____
Dennis E. Ghibaudo

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

STATE OF CALIFORNIA )
COUNTY OF _____ )

On _____ before me, _____, a Notary Public in and for said County and State, personally appeared _____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s), acted, executed the instrument.

WITNESS my hand and official seal

*See attached Certificate*

Signature _____

(This area for official notarial seal)

2

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __Riverside__

On __Sept. 25th 2008__ before me, __P. J. Vyas, Notary Public__,
     Date                                         Here Insert Name and Title of the Officer

personally appeared __Dennis E. Ghibaudo__
                                    Name(s) of Signer(s)

[Notary Seal: P. J. VYAS, Commission # 1523583, Notary Public - California, Riverside County, My Comm. Expires Oct 31, 2008]

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature __P. J. Vyas__
                   Signature of Notary Public

Place Notary Seal Above

────────────── OPTIONAL ──────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

[RIGHT THUMBPRINT OF SIGNER — Top of thumb here]

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

[RIGHT THUMBPRINT OF SIGNER — Top of thumb here]

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5907    Reorder: Call Toll-Free 1-800-876-6827

EXHIBIT "A" TO DEED OF TRUST
executed by
DENNIS GHIBAUDO
TRUSTOR,
to
CHICAGO TITLE COMPANY, TRUSTEE,
and
STATE FINANCIAL CORPORATION, BENEFICIARY
DATED AS OF
September 17, 2008

THIS DEED OF TRUST IS GIVEN TO SECURE:

1. Payment with interest of all obligations of Dennis Ghibaudo to Beneficiary, or its assignee, whether present or future loans or advances, whether created directly or acquired by assignment, whether absolute or contingent, whether due or not, whether otherwise secured or not, or whether existing at the time of the execution of this deed of trust arising thereafter, including but not limited to guarantees of the obligations of Edge Manufacturing, Inc. to beneficiary as may have been, and as may be amended in the future.

2. Payment with interest of all obligations of Edge Manufacturing, Inc. to Beneficiary or its assignee, whether present or future loans or advances, whether created directly or acquired by assignment, whether absolute or contingent, whether due or not, whether otherwise secured or not, or whether existing at the time of the execution of this Deed of Trust or arising thereafter.

Dennis Ghibaudo

_[signature]_

# EXHIBIT 2



LABOWE, LABOWE & HOFFMAN, LLP
**Mark S. Hoffman (Bar No. 108400)**
**Erika Mansky (Bar No. 228199)**
1631 West Beverly Boulevard, Second Floor
Los Angeles, CA 90026-5746
(213) 250-9800

Attorneys for Plaintiff STATE FINANCIAL CORPORATION,
a California Corporation

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| STATE FINANCIAL CORPORATION, a California corporation, <br><br> Plaintiff, <br><br> -vs- <br><br> EDGE MANUFACTURING, INC., a California corporation; DENNIS GHIBAUDO, Individually, and DOES 1 through 50, inclusive <br> Defendants. | Case No. BC402885 <br><br> [Assigned for all purposes to the Hon. Michael L. Stern, Dept. 62] <br><br> **JUDGMENT BY COURT PURSUANT TO STIPULATION TO JUDGMENT** |

It appearing that Defendants EDGE MANUFACTURING, INC., a California corporation (hereinafter sometimes referred to as Defendant "EDGE") and DENNIS GHIBAUDO, Individually (hereinafter sometimes referred to as Defendant "GHIBAUDO") and each of them, executed a Stipulation to Judgment on March 30, 2009, and said Defendants EDGE and GHIBAUDO, and each of them, having defaulted under the terms of the aforesaid Stipulation to Judgment, evidence having been introduced in open session of this Court, and based thereon:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff STATE FINANCIAL CORPORATION, a California corporation shall have Judgment against and recover from Defendants EDGE MANUFACTURING, INC., a California corporation and DENNIS

1  GHIBAUDO, Individually, and each of them, jointly and severally, the principal sum of $74,753.15,

2  plus interest in the sum of $1,800.79 as provided for in the Stipulation to Judgment filed concurrently

3  herewith, plus attorneys' fees in the sum of $1,887.50, for Judgment in the total sum of $78,441.44.

5  IT IS THEREFORE ORERED, ADJUDGED AND DECREED that Plaintiff STATE FINANCIAL

6  CORPORATION, a California corporation shall have Judgment against and recover from

7  Defendants EDGE MANUFACTURING, INC., a California corporation and DENNIS GHIBAUDO,

8  Individually, and each of them, jointly and severally, possession of Defendant EDGE's personal

10 property, wherever located, now or hereafter acquired; including without limitation the accounts of

11 Defendant EDGE, books of Defendant EDGE, Chattel Paper, Commercial Tort Claims, Deposit

12 Accounts, Documents, Equipment, Fixtures, General Intangibles (including Payment Intangibles),

13 Goods, Instruments (including Promissory Notes), Inventory, Investment Property, Letters of Credit,

14 Letters of Credit Rights; Money; Supporting Obligations and any other contract rights or rights to the

15 payment of money.

**THE CLERK IS ORDERED TO ENTER THIS JUDGMENT.**

DATED: June 4, 2009

MICHAEL L. STERN
Judge of the Los Angeles County Superior Court

2

JUDGMENT BY COURT PURSUANT TO STIPULATION TO JUDGMENT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1631 W. Beverly Blvd., 2nd Floor, Los Angeles, CA 90026

A true and correct copy of the foregoing document described **OBJECTIONS OF STATE FINANCIAL CORPORATION TO PROPOSED CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR(s), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 2, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

*ROD DANIELSON, CHAPTER 13 TRUSTEE notice-efile@rodan13.com*
*UNITED STATES TRUSTEE ustpregion16.rs.ecf@usdoj.gov*
*Scott Clarkson, Esq. sclarkson@lawcgm.com*

**II. SERVED BY UNITED STATES MAIL (indicate method for each person or entity served):**
On December 2, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DENNIS GHIBAUDO
1880 Delilah Street
Corona, CA 92879

Javier H. Castillo
Castillo Law Office
3638 University Avenue, Suite 208
Riverside, CA 92501

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 2, 2009 | LETICIA GALLEGOS | /s/ LETICIA GALLEGOS |
|---|---|---|
| Date | Type Name | Signature |